IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR M.O.P., | Civil No. 1:26-cv-03537-MWJS |
| Petitioner, | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |
| vs. | |
| | A# 240-603-497 |
| WARDEN, MESA VERDE IMMIGRATION PROCESSING CENTER, *et al.*, | |
| Respondents. | |

## **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Oscar M.O.P.[1] is an immigration detainee proceeding with a petition

for a writ of habeas corpus under 28 U.S.C. § 2241, Dkt. No. 1.

He entered the United States and was apprehended near San Luis, Arizona in

April 2022, but immigration authorities released him on his own recognizance shortly

thereafter.  For a noncitizen detainee to be released from immigration custody, an

immigration officer must find that "'such release would not pose a danger to property

or persons' and that the noncitizen is 'likely to appear for any future proceeding.'"

Pinchi v. Noem, 792 F. Supp. 3d 1025, 1034 (N.D. Cal. 2025) (quoting 8 C.F.R. §

---

[1]     For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

1236.1(c)(8)).  So when Respondents elected to release Petitioner, that decision "reflect[ed] a determination by the government" that he was "not a danger to the community or a flight risk."  Id. (cleaned up).

Petitioner acknowledges that in the more than four years since his release, he has developed some—though "minimal"—criminal history.  Dkt. No. 1, at pg. 9.  One could conceivably imagine immigration authorities contending that the evidence underlying this criminal history might support a finding that circumstances have changed and that Petitioner now presents a danger to the community.  But Respondents do not make that argument.  And nothing in the record suggests that immigration authorities ever pointed to any changed circumstances or offered any individualized basis for Petitioner's arrest and detention.

Nor does the record disclose any reason why pre-deprivation process could not have been provided.  After his April 2022 release from immigration custody, Petitioner settled in San Jose, California, where he and his wife built and operated a food service business together.  Id. at pg. 9.  He represents that he is the primary caregiver for his wife and their five-year-old twin sons, and that to this day there is no final order of removal against him—none of which Respondents dispute.  Id.  And before his immigration arrest and detention, Petitioner regularly reported for scheduled check-ins with and remained available to immigration authorities.  Indeed, he was making an effort to continue his compliance with his release conditions—he appeared as directed

for a routine check-in appointment at an ICE office in San Jose—when, on May 5, 2026, he was arrested and detained by immigration authorities. *Id.*, at pg. 9.

Petitioner was given no notice or process before his arrest. *Id.* He has been given no process since. *Id.* So Petitioner now invokes this court's habeas jurisdiction, contending that his arrest and detention, without any pre-deprivation process, violate his constitutional due process rights. *Id.* at pgs. 11-14.

Many district judges, both in this district and others, have granted relief in cases analogous to this one. *See, e.g., Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:25-cv-02821-MWJS, 2026 WL 1049713 (E.D. Cal. Apr. 17, 2026); *Abdoulaye, D. v. Warden, California City Corr. Ctr.*, No. 1:26-CV-03015-MWJS, 2026 WL 1103597, (E.D. Cal. Apr. 23, 2026); *Garcia Mariagua v. Chestnut*, No. 1:25-cv-01744, 2025 WL 3551700 (E.D. Cal. Dec. 11, 2025); *Ortega v. Noem*, No. 1:25-cv-01663, 2025 WL 3511914 (E.D. Cal. Dec. 8, 2025). The court has considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent. To resolve this case, therefore, the court need only determine whether there is any factual or legal basis to distinguish those prior decisions.

On May 7, 2026, the court issued an Order to Show Cause, affording Respondents an opportunity to identify "any factual or legal issues in this case that distinguish it from the decisions cited above." Dkt. No. 4. Respondents were given a deadline of May 11, 2026. They did not request any extension of their time. But as of

today, May 22, 2026, Respondents have not filed any response to the Order to Show Cause. They have, therefore, effectively conceded that the factual and legal issues in this case are not substantively distinguishable from those in the precedents cited above.

Given the lack of any factual or legal issues in this case that would distinguish it from the prior orders that this court has found persuasive, IT IS HEREBY ORDERED that the petition for writ of habeas corpus, Dkt. No. 1, is GRANTED as to his first claim for relief, for the reasons stated in those prior orders. Because it is unnecessary to resolve the other counts in the petition, the court declines to do so.

Respondents are ORDERED to immediately release Petitioner Oscar M.O.P. (A# 240-603-497) from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of

removal, or in the event exigent or urgent circumstances arise that justify arresting and

detaining Petitioner before pre-deprivation process can be provided.

The Clerk of Court is DIRECTED to close this case and enter judgment for

Petitioner.

IT IS SO ORDERED.

DATED:  May 22, 2026, at Honolulu, Hawai'i.



/s/ Micah W.J. Smith
_____
Micah W.J. Smith
United States District Judge

Civil No. 1:26-cv-03537-MWJS; *Oscar M.O.P. v. Warden*; ORDER GRANTING PETITION
FOR WRIT OF HABEAS CORPUS